BROWNFIELD *v.* VAIL and Another, Administrators, and Others.

A creditor of an intestate filed a petition in the Circuit Court, at the *September* term, 1842, to subject to execution certain lands of the deceased on a judgment against the administrators, recovered by the petitioner at the *March* term, 1842; there being no personal property to satisfy the judgment. The administrators pleaded, that, having ascertained that the personal property of the deceased was not sufficient to pay his debts, they had procured a decree of the Probate Court, at its *November* term, 1841, to sell the lands or enough of them to pay the debts, at a price not less than their appraised value, on certain credits; and that they had used their utmost exertions to make sale of the lands, but without effect for want of buyers. *Held*, on demurrer, that the plea was insufficient.

May Term,
1844.

BROWNFIELD
v.
VAIL.

Monday,
July 15.

ERROR to the *St. Joseph* Circuit Court.

DEWEY, J.—This was a petition, filed at the *September* term of the *St. Joseph* Circuit Court, 1842, by a creditor of *P. M. M'Clelland,* deceased, against his heirs, administrators, and certain terre-tenants, to subject to execution certain lands of the deceased, on a judgment recovered by the petitioner against the administrators, there being no personal property wherewith to satisfy the judgment. The judgment was recovered at the *March* term, 1842, of the *St. Joseph* Circuit Court.

The administrators pleaded, that, having ascertained that the personal property of the deceased was not sufficient to pay his debts, they petitioned the Probate Court of that county for an order to sell the same lands named in the petition, for the purpose of raising assets ; and that the Probate Court at its *November* term, 1841, ordered and decreed that the administrators should sell the lands or enough of them to pay the debts, at a price not less than their appraised value, on certain credits, the purchase-money to be secured in a certain manner. The administrators were to report their proceedings at the term of the Court next after they should effect a sale. The plea further alleged, that the administrators had "used their utmost exertions to make sale" of the land, but without effect "for want of buyers." The petitioner demurred generally to the plea. The Court overruled the demurrer, and dismissed the petition. The question is as to the sufficiency of the plea.

By the statute which governed this cause, it was made the duty of the administrators, so soon as they discovered that the personal estate of the intestate was not sufficient to pay his debts, to procure an order of the Probate Court for the sale of his real estate, to raise assets to be applied by the administrators to the discharge of the debts, provided the estate was solvent. If it was not solvent, the money raised from the sale of both the real and personal estate should be deposited in the Probate Court to be distributed in the manner prescribed by the act. R. S. 1838, pp. 182, 183, 185, 186. The administrators were not liable to be sued until after the lapse of a year from the time of their appointment. *Id.* 182. Nor then, without alleging fraud, waste, or negli-

gence on the part of the administrators, provided the latter had filed their complaint to settle the estate as insolvent. *Id.* 185. By another statute it is provided, that, when the creditor of a deceased person shall obtain a judgment against the administrator or executor of the deceased, and there shall not be sufficient personal property to satisfy an execution issued thereon, the creditor may proceed, by petition in the Circuit Court, against the real property of the deceased, and subject it to execution. *Id.* 284.

The facts of this case, as they appear from the petition and plea, are, that the administrators of a solvent estate, in *November*, 1841, procured an order of the Probate Court to sell certain lands of the deceased for the purpose of raising assets to pay his debts, the personal estate not being sufficient to do it. The decree prohibited the sale unless the lands could be sold at their appraised value. The administrators endeavoured in vain, for ten months, to execute the decree, when a creditor of the estate, having previously obtained a judgment and execution which there was no personal property to satisfy, petitioned the Circuit Court to subject enough of the real estate to satisfy his debt to execution.

The question is, whether the unsatisfied decree of the Probate Court is a bar to the petition? We do not think it is. The petitioner shows himself to be within the provisions of the act on which his petition is founded. He is met by a decree which for nearly a year before the filing of his petition had remained unexecuted, and which, it is evident from its terms, may continue incapable of being executed for an indefinite period. We think the petitioner has a right, under the circumstances, to make his debt out of the land of the deceased. The demurrer to the plea should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. L. Osborn* and *J. A. Liston*, for the plaintiff.

*J. L. Jernegan*, for the defendants.